UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- versus -

MARISELA VALENZUELA-ALBIAR,

                       Defendant.

ORDER

11-CR-229 (JG)

JOHN GLEESON, United States District Judge:

        The government moves both for the withdrawal of my order dated June 27, 2012, and for a stay of that order. The motion misapprehends the purpose of the order and the Court's authority to issue it. However, defense counsel's compliance with the order in question moots the issue, and thus the government's motion is denied as moot.[1]

        So ordered.

John Gleeson, U.S.D.J.

Dated: July 5, 2012
       Brooklyn, New York

---

[1] The motion reflects either carelessness or disingenuousness with respect to the facts of the case. For example, it strongly suggests that the defendant was the seller of the cocaine. *See* Govt.'s Mot. Withdrawal & Stay 1, ECF No. 43 ("Drug traffickers in this District purchased cocaine from the defendant and/or co-conspirators approximately ten times in quantities of between three and twelve kilograms per purchase.") But this suggestion was challenged head-on by defense counsel prior to sentencing, and the government explicitly conceded that "the defendant was *not* a direct seller of cocaine." Addendum to Presentence Investigation Report 1, March 15, 2012 (emphasis added). Indeed, the paragraph of the PSR the government cites was amended to make clear that the defendant was a courier, not the seller. Similarly, when it chose to assert in the instant motion that the "defendant and co-conspirators sometimes traveled with children when transporting narcotics or narcotics proceeds," Govt.'s Mot. Withdrawal & Stay 1-2, the government might have added that the natural inference the assertion suggests – *i.e.*, that the children were used to camouflage the defendant's crimes – was an explicit statement in the original PSR, and when it was challenged by defense counsel, the government conceded that it "cannot prove this statement." Addendum to Presentence Investigation Report 1.